IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-07-45-HE |
| | ) |
| DANNY EUGENE HAYES, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

The government requested detention and the Court overruled the motion after hearing the parties' arguments and evidence.

In part, the Plaintiff argued that a hearing was unnecessary because the Defendant was in state custody. But the Bail Reform Act, 18 U.S.C. § 3142(f), requires a hearing when the government seeks detention, with no exception for defendants who are in state custody.[1] *See United States v. Butler*, 165 F.R.D. 68, 70 (N.D. Ohio 1996).[2]

---

[1] At the hearing, the Plaintiff asserted that the statute renders Mr. Hayes ineligible for a hearing because he cannot be "released" under Section 3142. The assertion is unsupported and based on an unduly restrictive interpretation of the term "released."

Under the Bail Reform Act, the term "release" refers to the Defendant's status on federal charges. Thus, a federal "release order" may result in the defendant's entry into custody on other charges. *See*, *e.g.*, *United States v. Quinlan*, 595 F. Supp. 1145, 1150 (S.D. N.Y. 1984) ("we hold that release on federal parole to a state detainer is release on parole within the meaning of the Parole Act"). Indeed, the Bail Reform Act expressly authorizes release conditions involving a "return to custody for specified hours . . . ." Bail Reform Act, 18 U.S.C. § 3142(c)(1)(B)(xiii). The government lacks any support for its assertion that the Defendant's incarceration on a state conviction renders him ineligible for "release" on federal charges.

[2] In *United States v. Butler*, the government argued that the issue of release was moot because the defendant was in state custody and release would trigger the Interstate Agreement on Detainers Act. *See United States v. Butler*, 165 F.R.D. at 70. The court rejected the argument, reasoning in

The government also argued that release would require dismissal of the indictment under the Interstate Agreement on Detainers. This argument is invalid for two reasons.

First, the Defendant's statutory entitlement to a hearing[3] cannot be disregarded by the government's fear that the indictment would be dismissed.[4] The Interstate Agreement on Detainers is implicated only because the government declined to withdraw the detainer prior to issuance of a writ of habeas corpus *ad prosequendum*. *See United States v. Mauro*, 436 U.S. 340, 361 (1978) ("We . . . conclude that a writ of habeas corpus *ad prosequendum* is not a detainer for purposes of the [Interstate Agreement on Detainers Act]."). The government was entitled to keep the detainer in place. But by doing so, it created the circumstances that it now considers a threat to the prosecution. The government's unilateral decision to keep the detainer in place cannot vitiate the Defendant's statutory right to a detention hearing.

Second, the government's concern is now academic. In the hearing the Defendant expressly waived his rights under the Interstate Agreement on Detainers, and the waiver is valid. *See Yellen v. Cooper*, 828 F.2d 1471, 1474 (10th Cir. 1987). With this waiver, the

---

part: "[T]here is no reference in [18 U.S.C.] § 3142 to the [Interstate Agreement on Detainers]. If Congress meant to make detention a moot issue when the Agreement is invoked, it could have said so." *Id*.

[3]  *See United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003) ("A judicial officer may [order detention under 18 U.S.C. § 3142(e)] only after holding a hearing according to the procedures specified in [18 U.S.C.] § 3142(f) . . . .").

[4]  *See supra* note 2.

federal indictment is not subject to dismissal under the Interstate Agreement on Detainers. *See United States v. Carnes*, 41 F. Supp. 2d 719, 724 (E.D. Mich. 1999).[5]

In light of the statutory command in 18 U.S.C. § 3142(f), the Court conducted a detention hearing. After hearing the evidence, the Court held that the Plaintiff had not justified detention based on flight risk or danger to the community. The Court explained that the Defendant is securely housed in a state prison. His discharge date is in 2010, and he is ineligible for parole until approximately four months after his trial date.

The Plaintiff's attorney stated in an offer of proof that Mr. Hayes might be transferred to a less restrictive facility. However, the Plaintiff's counsel conceded that:

- she lacked any evidence to support this possibility and

- in light of the Defendant's incarceration, Mr. Hayes could only pose a risk if he were to escape from state prison.

Thus, the dispositive issue is whether the Defendant is a realistic escape risk. No such evidence exists. Even if the Defendant were to otherwise pose a risk of flight or danger, he clearly does not do so while he is in prison. *See United States v. Jay*, 261 F. Supp. 2d 1235,

---

[5] In *United States v. Carnes*, the federal district court detained the defendant, but then returned him to state custody to appear at a hearing. *See United States v. Carnes*, 41 F. Supp. 2d at 720. The defendant moved for dismissal of the federal indictment based on the anti-shuttling provision of the Interstate Agreement on Detainers, § 2 art. IV(e). The court overruled the motion to dismiss because the defendant had waived his rights under the Interstate Agreement on Detainers. *Id*. at 724.

1240-41 (D. Ore. 2003).[6]  Accordingly, the Court overrules the Plaintiff's motion for detention.

Pursuant to the government's request and without objection by the Defendant, the Court stays the present order until March 5, 2007, at 3:00 p.m.

So ordered this 2nd day of March, 2007.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[6]  In *United States v. Jay*, the court held that the defendant could not be detained on the basis of flight risk. *United States v. Jay*, 261 F. Supp. 2d at 1240-41. In doing so, the court explained:

> Even if this Court released Defendants from custody on the pending federal charges, it is virtually certain they would not be released to the community in the near term. Instead, the State would hold Defendants in state custody pending a state judge's resolution of the release and suppression issues that Defendants likely will raise in that forum. The Court, therefore, concludes the nature of the state charges and the high bail requirements make it unlikely that Defendants would be released in an early detention hearing in state court.

*Id*.